```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JOHN LEROY HAWKES, JR.,**

                **Petitioner,**

      v.                            CASE NO. 08-3197-RDR

**UNITED STATES MARSHALS,**

                **Respondents.**

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas (LDC). The filing fee has been paid. Petitioner generally claims he is being confined in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments, and seeks immediate release.

**FACTUAL BACKGROUND**

In support of his claims, petitioner alleges the following. In February 2001, he was arrested and jailed in Montana, and during the arrest he "was connected" to a stolen pick-up truck from Nebraska. He escaped from the Montana jail, but was caught and confined in Montana State Prison for two years on the escape. While serving his Montana sentence, he was indicted on federal offenses, including transportation and possession of the stolen pick-up. In 2002 he was taken to federal court, pursuant to a writ of habeas corpus ad prosequendum, where he was arraigned and eventually sentenced to 27 months in federal prison, 3 years supervised release, and

restitution[1]. After being sentenced in federal court, he was returned to Montana to continue service of his state sentence. On October 6, 2002, he was transported to Nebraska on charges involving the same stolen pick-up, and eventually was sentenced to 11 to 22 years imprisonment by the State of Nebraska. He was again returned to Montana to complete his Montana sentence, which he discharged on May 12, 2003. On May 16, 2003, he was picked up by the Nebraska Department of Corrections, instead of federal authorities. On July 10, 2008, he was paroled from his Nebraska sentence. The following day he was picked up by U.S. Marshals and taken to the LDC in Leavenworth.

**CLAIMS**

Based upon the foregoing facts, petitioner claims he is being illegally detained for service of his federal sentence[2]. Briefly summarized, his arguments are that federal authorities can no longer require service of his federal sentence because they failed to take him into custody when he was discharged from his Montana sentence, and thereby prevented his federal sentence from running concurrent with his Nebraska sentence. In support of his first argument, petitioner contends that federal officials had "priority

---

[1] Petitioner's transfer to federal custody pursuant to a writ of habeas corpus ad prosequendum was clearly a temporary transfer for criminal proceedings.

[2] While petitioner makes the conclusory statement that he is unable to receive information concerning why he is "still being held," he also alleges he was picked up by U.S. Marshals and is held at the LDC "for the U.S. Marshal Service." Moreover, he claims he is being illegally detained because federal officials failed to take him into custody for service of his federal sentence prior to Nebraska taking custody and failed to effectuate the requirement that his Nebraska sentence run concurrent to his federal sentence. From his allegations and arguments, it is clear petitioner is aware he is currently in federal custody for service of his federal sentence imposed on July 11, 2002.

2

jurisdiction" and were required to take him into custody upon his release from Montana since he was sentenced in federal court long before he was tried in Nebraska.  In support of his second argument, petitioner contends federal law required that his federal sentence run concurrent with his Nebraska state sentence because they "were used as relevant conduct," and that the court in Nebraska intended its sentence[3] to run concurrent with petitioner's federal sentence.  He also argues that the federal government "could only relinquish jurisdiction" through dismissal of charges, conditional release, or execution of sentence; and the U.S. Marshals illegally "manipulated the order in which (his) sentences were run in order to get more time out of him."  He asserts he is being subjected to double jeopardy, and has been unlawfully detained since he was paroled from his Nebraska sentence on July 10, 2008.

**DISCUSSION**

Petitioner's general claim, that the United States lost jurisdiction to require service of his federal sentence imposed in 2002, is not supported by his factual allegations or relevant legal authority.  Mr. Hawkes' own allegations indicate he was convicted and sentenced in federal court and was not taken into custody for service of his federal sentence until July 10, 2008.[4]  As the Tenth Circuit Court of Appeals has explained:

It is well settled that when a state surrenders a prisoner

---

[3] Petitioner further alleges that his Nebraska sentence began to run on October 6, 2002, and continued to run after his return to Montana confinement.

[4] 18 U.S.C. § 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

> to the Federal government for the purpose of trial on a Federal charge and upon conviction and sentence in the Federal court, the Federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a Federal penal institution for service of his Federal sentence, the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his federal sentence.

See Hernandez v. U.S. Atty Gen., 689 F.2d 915, 918 (10th Cir. 1982), *citing* Hayward v. Looney, 246 F.2d 56, 57-58 (10th Cir. 1957); Williams v. Taylor, 327 F.2d 322, 323 (10th Cir.), cert. denied, 377 U.S. 1002 (1964); Binford v. United States, 436 F.3d 1252, 1255 (10th Cir. 2006)("A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."). It follows that petitioner did not commence service of his 27-month federal sentence until July 10, 2008.

Mr. Hawkes does not allege any facts from which this court might conclude that the United States "relinquished" or lost jurisdiction over him before he was taken into custody for service of his federal sentence. In the first place, he presents no factual or legal authority for his essential premise that the United States had "priority jurisdiction" at any time prior to July 10, 2008. Moreover, petitioner's argument that federal officials relinquished jurisdiction because they failed to take custody in a certain order is not only unconvincing, it is clearly contrary to the relevant legal authority. See Rawls v. United States, 166 F.2d 532, 534, FN4 (10th Cir.)(A defendant does not have standing to "complain of or choose the manner in which each sovereign proceeds against him."), cert. denied, 334 U.S. 848 (1948); Williams, 327 F.2d at 324 ("The priority of jurisdictions may not be questioned by the prisoner.").

4

Where, as here, an inmate is subject to both state and federal sentences, primary jurisdiction is a matter of comity. See Hayward, 246 F.2d at 57 ("If the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him."). In less than two years, petitioner was arrested on a warrant out of Wyoming; convicted, sentenced and confined for escape in the State of Montana; convicted and sentenced for federal crimes; and convicted and sentenced in the State of Nebraska. The order in which the punishments imposed upon Mr. Hawkes by these independent sovereigns were to be extracted was determined, as a matter of comity, by the state officials and the Bureau of Prisons. Hernandez, 689 F.2d at 917. The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it exhausts its punishment against the defendant. See Ponzi v. Fessenden, 258 U.S. 254, 260-61 (1922); Rawls, 166 F.2d at 533. This rule of comity does not destroy the jurisdiction of other sovereigns over the defendant, but simply requires them to postpone exercise of their jurisdiction until the first sovereign is either through with the defendant or agrees to relinquish custody. See Rawls, 166 F.2d at 533; see also Hayward, 246 F.2d at 57 (Either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity to be determined by the sovereign having custody.); Hall v. Looney, 256 F.2d 59, 60 (10th Cir. 1958)(When a person is lawfully in custody of one sovereign on a criminal charge, he remains exclusively in the jurisdiction of that

5

sovereign until its jurisdiction is exhausted; however, the sovereign having prior jurisdiction and right to custody may waive that right and permit another sovereign to proceed with its execution of sentence.); <u>Joslin v. Moseley</u>, 420 F.2d 1204 (10th Cir. 1969). Thus, the United States did not waive jurisdiction over petitioner simply because it did not take him into federal custody at the conclusion of either of his state sentences.

Petitioner also presents no factual support or legal authority for his conclusory argument that "federal law" required that he receive concurrent credit on his state and federal sentences. Federal legal authority is generally to the contrary. Under 18 U.S.C. § 3585(b), a federal prisoner is entitled to credit for time spent in official detention prior to the date his federal sentence commences <u>if</u> the detention resulted from the same offense <u>and that time has not been credited against another sentence</u> (emphasis added)[5]. "There is a presumption that a federal sentence imposed after a prior state sentence will be served consecutively to the state sentence." <u>See</u> 18 U.S.C. § 3584(a); <u>Weekes v. Fleming</u>, 301 F.3d 1175, 1182 (10th Cir. 2002). Petitioner does not allege that the sentencing judge in his federal case ordered that his federal sentence was to run concurrently with either of his state sentences[6]. It is presumed that he received credit on his state

---

[5] Petitioner does not allege that his state and federal sentences were imposed at the same time. <u>See</u> <u>U.S. v. Eccleston</u>, 521 F.3d 1249, 1254 (10th Cir. 2003)(The presumption of concurrent sentences affects only sentences "imposed at the same time.").

[6] Ordinarily, "a (federal) district court [has] the authority to make a federal sentence concurrent to a state sentence not yet imposed for pending state charges." <u>United States v. Williams</u>, 46 F.3d 57, 59 (10th Cir. 1995); <u>United States v. McDaniel</u>, 338 F.3d 1287, 1288 (11th Cir. 2003). However, there is no allegation that in this case, the federal district court ordered petitioner's federal sentence to run concurrent with his Nebraska sentence. When

sentences for time spent in state custody.

Mr. Hawkes does suggest that the Nebraska state court intended its sentence to run concurrently with his federal sentence. However, such an order by a state court would not be binding on the United States[7], and thus can provide no basis for relief with respect to petitioner's federal sentence. See U.S. v. Williams, 46 F.3d at 58 ("[A] federal court's determination that a federal sentence run consecutive to a state sentence 'is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'"), *quoting* Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991); see also Bruss v. Harris, 479 F.2d 392, 394 (10th Cir. 1973)(Accused not entitled to credit against his federal sentence for time spent in state custody awaiting disposition of state charges following conviction of a federal crime even though a subsequently imposed state sentence was ordered to run concurrently with the federal sentence.).  Federal officials are simply not bound to follow a state judge's order that state and federal sentences are to be served concurrently. See, e.g., Bloomgren, 948 F.2d at 690-91; Leal v. Tombone, 341 F.3d 427 (5th Cir. 2003)( per curiam); Taylor v. Sawyer, 284 F.3d 1143, 1149-1153 (9th Cir. 2002), cert. denied, 537 U.S. 1199 (2003); Jake v. Herschberger, 173 F.3d 1059, 1065-1066

---

the federal district court's order is silent on the issue, the sentences are to run consecutively.  See 18 U.S.C. § 3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

[7]   Thus, even accepting as true that the State of Nebraska intended for its sentence to run concurrent with petitioner's federal sentence, the United States was not a party to and was under no obligation to give effect to that State's subsequent order.

(7th Cir. 1999); see also McCarthy v. Gallegos, 168 Fed. Appx. 276 (10th Cir. Feb. 21, 2006)("Because Mr. McCarthy has received state credit for this time [prior to commencement of his federal sentence] and the federal district court did not order the federal sentence to be served concurrently with any state sentence, he does not deserve federal credit for his time spent in state custody."), cert. denied, 548 U.S. 914 (2006).

Mr. Hawkes offers no convincing allegations or arguments to distinguish his situation from the long-standing legal precedent cited herein. The facts alleged by petitioner do not indicate he is being required to serve more time on his federal sentence than ordered by the federal sentencing court or required by statute. Moreover, petitioner presents no facts showing any intentional or illegal manipulation by federal authorities. For all the foregoing reasons, the court concludes petitioner states no claim for federal habeas corpus relief.

Mr. Hawkes is given time to show cause why this action should not be dismissed for failure to state a claim. If he fails to file a response in the time provided, this action may be dismissed without further notice.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Finally, the court notes that a federal prisoner claiming his sentence is being illegally executed is generally required to exhaust administrative remedies prior to seeking relief in federal court. Montez v. McKinna, 108 F.3d 862, 866 (10th Cir. 2000). Petitioner claims he is being denied access to administrative remedies, and therefore is unable to exhaust. However, he does not

8

allege sufficient facts in support of this claim.  In petitioner's response to this Order to Show Cause, he must include facts demonstrating that he has diligently pursued prison administrative remedies, and how he was actually prevented from exhausting those remedies.  This action may be dismissed on the ground that exhaustion has not been shown or excused, if petitioner fails to comply.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein, and to allege facts in support of his statement that he was prevented from exhausting administrative remedies on his claims.

**IT IS SO ORDERED**.

Dated this 27th day of August, 2008, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge